ORIGINAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

___ Priority
___ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

Case No.: CV 06-1036-GHK (JTLx)            Date: March 14, 2006

Title:   In Re: The Stern Family Trust dated December 24, 1992,
         and the Marshall L. Stern Living Trust, under the
         Declaration of Trust of Marshall L. Stern dated April 22,
         2004, Schnieders v. Ritch

=================================================================
DOCKET ENTRY

=================================================================
PRESENT: Hon. George H. King, United States District Judge

Beatrice Herrera                    None Present
Deputy Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                        None Present

PROCEEDINGS:   Order to Show Cause Re: Subject Matter Jurisdiction

I.   Subject Matter Jurisdiction

     On February 21, 2006, Ricky Ritch removed this matter to the
United States District Court for the Central District of
California. As a court of limited jurisdiction, see *Kokkonen v.
Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v.
United States*, 490 U.S. 545, 547-48 (1989), we must determine the
issue of subject matter jurisdiction before reaching the merits of
a case. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,
94 (1998).

     The party who has invoked the court's jurisdiction always
bears the burden of establishing that jurisdiction is proper. See
*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). We
strictly construe the removal statutes against removal
jurisdiction. *Id.* There is a "strong presumption" against removal
jurisdiction and "[f]ederal jurisdiction must be rejected if there
is any doubt as to the right of removal in the first instance."
*Id.* at 566. Moreover, 28 U.S.C. § 1447(c) provides: "If at any time
before final judgment it appears that the district court lacks
subject matter jurisdiction, the case shall be remanded." See also
*Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1118 (9th Cir.
2002).

DOCKETED ON CM
MAR 15 2006
BY ___

For the following reasons, we are unable to ascertain from Mr. Ritch's Petition for Removal whether this court has subject matter jurisdiction over this case.

### A.  Diversity Jurisdiction

Mr. Ritch appears to assert that we have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides that district courts shall have original jurisdiction over citizens of different states, where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

#### 1.  Diversity of Citizenship

It is well settled that diversity jurisdiction requires what is termed "complete diversity" of citizenship. See *Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806)); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship."). Complete diversity exists only where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar*, 519 U.S. at 68. We are unable to discern whether complete diversity exists in this matter because Mr. Ritch has not sufficiently identified either the underlying complaint or the parties to the matter.

It is unclear whether the *Ex Parte* Petition to Suspend Power of Ricky Ritch as Trustee and Appoint Successor Trustee Pending Hearing on Substituted Judgment ("Petition to Suspend") is itself the action being removed or is a motion in an underlying case. The reference in the title of the Petition to Suspend to a pending "Hearing on Substituted Judgment" is nowhere explained. This confusion is compounded by Mr. Ritch's assertion that "the entire pleadings contained in this action which give rise to a Successor Trustee is contained in Exhibit 4 herein." Exhibit 4 does not include the aforementioned Petition to Suspend Power of Ricky Ritch, but does include a Motion to Quash Petition to Suspend Power of Trustee and a Motion for a Stay of the *Ex Parte* Orders Granted on January 27, 2006. Without knowing what the underlying or pending action is in this case, we cannot ascertain the relevant parties to determine if the requisite complete diversity exists.

Nor does the Petition for Removal clarify the matter. In its caption, it identifies the parties as Jim Schnieders, Petitioner, and Ricky Ritch, Respondent. The Petition itself alleges only the citizenship of Mr. Ritch. Jim Schnieder's citizenship is not alleged. The Petition for Removal additionally identifies the residences of Donna-Stern Ritch, Andrea-Stern Hodges, and Howard Stern. However, none of these individuals is named as a party in

the case. If they are parties, allegations as to their residence are insufficient to enable us to ascertain their citizenship. Moreover, if they are parties, it is unclear whether they are aligned with or against Mr. Ritch.

### 2. Amount in Controversy

We are also unable to ascertain whether the amount in controversy is sufficient to make our jurisdiction over this case proper. The Petition for Removal alleges that the amount in controversy exceeds $75,000.00 because "[t]he trust is of a value in excess of $1,000,000.00." First, two apparently separate trusts are named in the caption to the case. We do not know to which trust this statement alludes. Second, the fact that a trust that is the subject of the action is itself worth over $75,000.00 does not, standing alone, establish that the amount in controversy is over $75,000.00. If, for instance, the central dispute concerns the suspension and/or appointment of a trustee, the amount in controversy might be only the trustee's fee.

### B. Probate Exception

It is well-settled that "a federal court has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946). Inter vivos trusts are recognized as will substitutes, and the probate exception has been extended to include trusts that direct a post mortem disposition of the trustor's property. *See Marshall v. Marshall (In re Marshall)*, 392 F.3d 1118, 1135 (9th Cir. 2004), cert. granted 126 S.Ct. 35 (2005). To determine whether the probate exception applies in a particular case, however, we apply a two-part test. The first part of the inquiry asks whether the matter is "purely probate in nature, in that the federal court is being asked directly to probate a will or administer an estate." *Id.* at 1133. The second part of the test inquires whether the matter is "probate related" by determining whether, in exercising jurisdiction, the federal court would (1) interfere with probate proceedings, (2) assume general jurisdiction over probate, or (3) assume control over property in custody of state court. *Id.* If the answer to any of these questions is "yes," the probate exception to federal jurisdiction applies. *Id.*

Mr. Ritch, as the party seeking removal, has not carried his burden of establishing that our jurisdiction over this matter is proper. Accordingly, he is hereby **ORDERED TO SHOW CAUSE**, in writing, by **March 27, 2006**, why this action should not be remanded for lack of subject matter jurisdiction. Mr. Ritch shall specify the underlying action in this case and the parties to that action. He shall provide evidence of facts sufficient to establish complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.00. Finally, he shall satisfy the

3

Court, with appropriate argument and citation to relevant legal authority, that the probate exception does not apply to this matter.

The failure to timely and adequately show cause as required herein shall be deemed the parties' admission that this court lacks subject matter jurisdiction. In that event, this action shall be remanded to the state court from which it was removed.

### II. Attachments to the Petition for Removal

A party seeking to remove a civil action from a state court must file in the district court "a copy of all process, pleadings, and orders served upon" it in the action. 28 U.S.C. § 1446(a). It does not appear that Mr. Ritch has complied with this procedural requirement.

As noted above, we are unclear what the underlying complaint is in this matter. Exhibit 4, which Mr. Ritch alleges to include "the entire pleadings contained in this action which gave rise to a Successor Trustee," only includes a Motion to Quash Petition to Suspend Power of Trustee and a Motion for a Stay of the *Ex Parte* Orders Granted on January 27, 2006. The relationship between this motion and Exhibit 3, which includes a Motion to Dismiss Petition to Suspend Power of Trustee and a Motion for a Stay of the *Ex Parte* Orders Granted on January 27, 2006, which was filed in state court on the same day, is not explained. The Petition for Removal additionally states that Exhibit 4 includes a Successor Trustee order, which is not present.

In conformity with 28 U.S.C. §1446(a), Mr. Ritch shall include with his response to this order all process, pleadings, and orders served upon him in this matter. To the extent that Mr. Ritch is aware of pleadings and/or orders that have not been served upon him, he shall make note of them in his response.

**IT IS SO ORDERED.**

**MINUTES FORM 11**
**CIVIL-GEN**                                          Initials of Deputy Clerk _____