# ORIGINAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

P/SEND

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1036-GHK (JTLx) | Date | June 7, 2006 |
|---|---|---|---|

Title: In re: Stern Family Trust and Marshall L. Stern Living Trust

Presiding: The Honorable **GEORGE H. KING, U. S. DISTRICT JUDGE**

| Beatrice Herrera | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: None

Attorneys Present for Defendants: None

**Proceedings:** Order to Show Cause Re: Subject Matter Jurisdiction

On February 21, 2006, Ricky Ritch removed to this court an "Ex Parte Petition to Suspend Power of Ricky Ritch as Trustee and Appoint Successor Trustee Pending Hearing on Substituted Judgment Petition," filed by Jim Schnieders, R.N., Temporary Conservator of the Person and Estate of Marshall L. Stern." On March 14, 2006, we issued an Order to Show Cause Re: Subject Matter Jurisdiction.

Schnieders responded on March 27, 2006, requesting that the case be remanded and that he be awarded $3,510.00 in attorneys' fees pursuant to 28 U.S.C. § 1447(c), which provides that when a case is remanded, the removing party may be required to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

As our original order to show cause was returned as undeliverable, we issued a second Order to Show Cause Re: Subject Matter Jurisdiction on May 4, 2006. We also stated that "if Mr. Ritch wishes to oppose Mr. Schnieders's argument that this case should be remanded and/or Mr. Schnieders's request for attorneys' fees and costs, he shall specifically address each of these issues. Mr. Ritch's failure to address either of these issues shall be regarded as a lack of opposition. In that event, this matter will be remanded, and we will award fees as requested." Mr. Ritch has not responded to either of our orders.

As Mr. Ritch has failed to respond to our orders to show cause, he has not demonstrated that we have subject matter jurisdiction over this matter. Therefore, the case is remanded to the state court from which it was removed. In addition, Mr. Ritch has not opposed Mr. Schnieders's request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). We conclude, based on our review of the response submitted by Mr. Schnieders, that an award of attorneys' fees is warranted in this case. Moreover, based on the

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 2 |
|---|---|---|

DOCKETED ON CM

JUN - 8 2006

BY ING    009

declaration of Mr. Schnieders's attorney, Lisa McCarley, we determine that the number of hours expended and the hourly rate charged are both reasonable. Therefore, Ricky Ritch shall pay Jim Schnieders $3,510.00 in attorneys' fees.

**IT IS SO ORDERED.**

Initials of Preparer _____ Bea